SCHAEFER, Admrx. v GEBHART et

Ohio Appeals, 1st Dist., Butler Co.

No. 828.   Decided Feb. 17, 1942.

Clay A. Phillips, and Karl Clark, Hamilton, for plaintiff-appellee.

P. B. Holly, Hamilton, and Walter S. Harlan, Hamilton, for defendant-appellant.

**OPINION**

By HAMILTON, J.

Appeal on questions of law from the Probate Court of Butler County, Ohio.

The controversy grows out of the settlement of the estate of Jacob Held, deceased, a resident of Butler County, Ohio, who died Sept. 13, 1913. His will was admitted to probate in the Probate Court of Butler Co., September 24, 1913. The immediate controversy concerns Item Third of said will, which is as follows:

"Item Third:   I give and devise to my beloved wife, Louise Held, the real estate known as part of Lot Two Hundred and Eight on Heaton Street in the Third (3rd) Ward of the City of Hamilton, Ohio, and also lots eighteen hundred and seven and eighteen hundred and nine in the First Ward of the City of Hamilton, Ohio, for her natural life time and further giving her the power and authority to sell the same and enjoy the proceeds thereof if necessary at any time during her life for her proper maintenance and support, and I further will and direct that in the event that the said above described real estate and property is not required to be sold during the life time of my wife for her proper maintenance and support, that, after the death of my said wife, the real estate and property above described in this Item shall go to my two sisters, Elizabeth Held of Hamilton, Ohio, Margarethe Baum of Ilbesheim, Rheinfeld, Bayern, Post Morchheim, Germany, share and share alike, absolutely and forever."

Jacob's wife, Louise M. Held died February 27th, 1940.  The real estate was not required to be sold, and, therefore, became subject to distribution under the proper construction of the will.

There is no controversy regarding the interest of the sister Margarethe Baum. The sister, Elizabeth Held, who died December 25, 1917 intestate, leaving a daughter Anna Nagel and a son Phillip Held, Jr.  Anna Nagel died testate February 7, 1933, leaving a daughter Marcella Nagel Lundgren and a son Clarence L. Nagel.  Under the will of Anna Nagel she devised her estate to her said daughter.

In an action brought by the administratrix with the will annexed of said Jacob Held estate for the construction of said Item Third of said Will, the then Probate Judge Palmer decided many things.  Among them, he decided that:

"Upon the death of Louise M. Held the said estate and property above described in Item Third of decedent's will, passed to the two sisters Elizabeth Held and Margaretha Baum, absolutely and in fee simple."

It will be noted that this decree does not determine anything as to the vesting of any estate in remainder, but only finds that upon the death of his wife the fee passed to the sisters.

Later, the administratrix filed the instant action under §10509-95 GC, to determine heirship. Judge Palmer having died, this proceeding was heard by his successor, Judge Leiser.

The parties were the same in both actions.

The defense was res adjudicata.

If the judgment of Judge Palmer in the action to construe the will had held that the remainder estate vested upon the death of testator's wife, and there being no proceeding for a review, the defense of res adjudicata would be effective.

The vesting of the estate in remainder was not passed upon in the action to construe the will. Therefore, the defense of res adjudicata fails. We are in accord with Judge Leiser's decision that the estate vested in the two named sisters upon the death of the testator as an estate in remainder, subject to be divested upon a sale of the real estate under the power granted the wife by the will. In this view, the heirship decided by said decision was correct.

We commend Judge Leiser's well considered opinion, on his statement of the facts and consideration of the law applicable. The only objection by appellant is that Judge Leiser "paid no heed" to Judge Palmer's decision. In his opinion, he speaks of Judge Palmer's decision in construing the will, but found, as we do, that Judge Palmer had not passed upon the vesting of the estate.

The judgment is affirmed.

MATTHEWS, PJ. & ROSS, J., concur.